UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
ALI SHIRE AHMED,                              :   CASE NO. 1:13-CV-00271
                                              :
        Plaintiff,                            :
                                              :
  v.                                          :   OPINION & ORDER
                                              :   [Resolving Docs. 17, 18]
ERIC HOLDER, ATTORNEY GENERAL                 :
OF THE UNITED STATES, *et al.*,               :
                                              :
        Defendants.                           :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Plaintiff Ali Shire Ahmed is a Somali national and a legal permanent resident of the United States. He filed an application for naturalization with Citizenship and Immigration Services. Fifteen months later, he still has not been given an interview. Without an interview, his application sits unadjudicated. He sues Attorney General Eric Holder, Secretary of Homeland Security Janet Napolitano, FBI Director Robert S. Mueller, Citizenship and Immigration Services Director Alejandro Mayorkas, and District Deputy Director Mark Hansen.

      Plaintiff sues under the Administrative Procedure Act and seeks a mandamus order requiring Defendants to complete any outstanding background checks and to schedule him for an interview. Both sides have moved for summary judgment.

      For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff Ahmed's motion for summary judgment and **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment. Defendants Holder and Mueller are dismissed from this action. Defendants Napolitano, Mayorkas, and Hansen must conduct an in-person interview of

Case No. 1:13-cv-00271
Gwin, J.

Ahmed concerning his naturalization application within 120 days.[1]

## I. Factual and Procedural Background

Ahmed is a citizen of Somalia and a legal permanent resident of the United States.[2] On April 24, 2012, he applied for naturalization.[3] On May 21, 2012, he reported to the Citizenship and Immigration Services ("CIS" or "Immigration Services") office in Cleveland for fingerprinting.[4] On September 14, 2012, and on December 20, 2012, he was fingerprinted again because his prior fingerprints had expired.[5] On March 20, 2014, his most recent fingerprints will expire.[6] He has fulfilled everything he can do to process his application.

On September 6, 2012, the Immigration Services scheduled a naturalization interview for October 15, 2012.[7] But on October 5, 2012, the Immigration Services cancelled the interview and told Ahmed that the Immigration Services would inform him of any future action or rescheduling of the interview.[8] Near February 2013, authorities executed a search warrant at Ahmed's residence and his taxi cab.[9]

The Immigration Services still has not interviewed Ahmed. Rather, the Immigration Services claims that Ahmed's background check is not complete.[10] The Immigration Services does not say what is missing. CIS has conducted and received results from a fingerprint check, an Interagency Border Inspection System (IBIS) report, and an FBI name check, but those reports often require

---

[1] Defendants have also filed a motion to dismiss. Doc. 6. Because the arguments in the motion to dismiss are the same as the arguments in Defendants' motion for summary judgment, the motion to dismiss is **DENIED AS MOOT**.
[2] Doc. 15 at ¶ 1.
[3] *Id.* at ¶ 4.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶¶ 6-7, 11-12.
[6] *Id.* at ¶ 13.
[7] *Id.* at ¶ 8.
[8] *Id.* at ¶¶ 9-10.
[9] *Id.* at ¶ 16.
[10] *Id.* at ¶¶ 14-15.

Case No. 1:13-cv-00271
Gwin, J.

updating.[11]

On February 7, 2013, Ahmed filed a lawsuit. With the lawsuit, he seeks an order under the Administrative Procedure Act (APA) requiring Defendants to schedule an interview to continue the adjudication of his naturalization application.[12]

Defendants filed an answer and a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6).[13] In their argument, the Defendants say that the complaint does not fall under 8 U.S.C. § 1447(b)'s grant of jurisdiction.[14] They also say that there has been no final agency action to trigger the Court's jurisdiction under the APA and that the action is committed to agency discretion.[15] Finally, Defendants say that they are not legally required to perform the background investigation or schedule Ahmed's interview.[16]

Responding, Ahmed says that § 1447(b) does not bar the Court's jurisdiction because Ahmed has not had an interview.[17] He also says that the APA allows suits where a failure to act is alleged and the duty to act is not committed to agency discretion.[18] And Ahmed says that the defendants are under a mandatory obligation to adjudicate applications within a reasonable amount of time.[19]

This Court ordered the parties to file a list of stipulated facts and briefs concerning the court's jurisdiction and the merits for summary disposition.[20] On July 12, 2013, the parties filed their stipulations of matters not in dispute.[21] The parties then filed their respective positions.

---

[11] Doc. 6-2 at ¶¶ 6-8, Decl. of Zarlenga.
[12] Doc. 1.
[13] Docs. 5, 6.
[14] Doc. 6-1 at 6-9.
[15] *Id.* at 10-12.
[16] *Id.* at 12-14.
[17] Doc. 11 at 4-5.
[18] *Id.* at 5-8.
[19] *Id.* at 8-10.
[20] Doc. 13.
[21] Doc. 15.

Case No. 1:13-cv-00271
Gwin, J.

Although most of the arguments on summary judgment are the same as those made in Defendants' motion to dismiss, Defendants now also say that any delay in scheduling Ahmed's interview is reasonable because he is under investigation for criminal activity.[22/] In response to this argument, Ahmed says that he has not had any contact with law enforcement officials since February 2013, when authorities executed the search warrants.[23/]

## II. The Naturalization Process

The Bureau of Citizenship and Immigration Services, in the Department of Homeland Security, has responsibility to judge applications for naturalization.[24/] When a person applies for naturalization, the Immigration Services must conduct an investigation to determine whether the person meets the statutory criteria for naturalization.[25/] Among the criteria, applicants must show they are people of good moral character.[26/] The applicant must prove that he has good moral character with "clear, convincing and unequivocal evidence."[27/] The Immigration Services must also examine the applicant in an in-person interview before it can adjudicate the application.[28/] The Immigration Services cannot schedule an interview until it receives a "definitive response" from the FBI to the applicant's background check.[29/]

If the Immigration Services has not adjudicated the applicant's application within 120 days of the interview, the applicant may petition the district court to assume jurisdiction over his

---

[22/] Doc. 18-1 at 13.
[23/] Doc. 17 at 7.
[24/] 6 U.S.C. § 271(b)(2). Although 8 U.S.C. § 1421 vests the "sole authority to naturalize persons" in the Attorney General, this appears to be out-dated. This section has not been amended since 1994, by Public Law 103-416, before the Department of Homeland Security and the Immigration Services were created.
[25/] 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.
[26/] 8 U.S.C. § 1427(a); 8 C.F.R. § 316.2(a)(7).
[27/] *Dicicco v. INS*, 873 F.2d 910, 915 (6th Cir. 1989).
[28/] 8 C.F.R. § 335.2(a).
[29/] *Id.* § 335.2(b).

-4-

Case No. 1:13-cv-00271
Gwin, J.

application.[30] But a person may not be naturalized unless an in-person examination has taken place.[31] So, the Immigration Services must decide the application within 120 days after the interview, but here the Immigration Services has never scheduled the interview despite the long pendency of the application.

### III. Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[32] Although both parties have moved for summary judgment, "the standards upon which the court evaluates the motions for summary judgment do not change."[33] Each party must demonstrate that there is an absence of a genuine issue of material fact entitling them to judgment.[34] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[35] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[36] But the Court will view the facts and all reasonable inferences from those facts in favor of the non-moving party.[37]

However, when the Court's subject-matter jurisdiction is at issue, the Court is obligated to satisfy itself that it does have subject-matter jurisdiction over the matter.[38] The plaintiff bears the

---

[30] 8 U.S.C. § 1447(b).
[31] 8 C.F.R. § 335.3(a).
[32] *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008).
[33] *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).
[34] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[35] *See* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[36] *Matsushita Elec. Indus. Co.*, 575 U.S. at 586.
[37] *Thomas v. Cohen*, 453 F.3d 657, 660 (6th Cir. 2004).
[38] *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915-16 (6th Cir. 1986) (per curiam). When a motion for summary judgment challenges subject-matter jurisdiction, it is in essence a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Ogle v. Church of God*, 153 F. App'x 371, 375 (6th Cir. 2005).

-5-

Case No. 1:13-cv-00271
Gwin, J.

burden of demonstrating that subject-matter jurisdiction exists.[39] If the defendant challenges the factual basis for jurisdiction, the Court must weigh the evidence provided and determine whether the plaintiff has met its burden of establishing subject matter jurisdiction.[40]

### IV. Jurisdiction

**A.  8 U.S.C. § 1447(b)**

Defendants say that 8 U.S.C. § 1447(b) does not authorize the court to exercise jurisdiction.[41] This argument loses. Section 1447(b) authorizes a district court to assume jurisdiction to adjudicate a naturalization application if the Immigration Services has not responded to the application within 120 days after an interview has taken place.[42] Plaintiff has not asked this Court to adjudicate his application; he has merely asked the Court to order Defendants to conduct a background investigation and to schedule an interview. Therefore, Ahmed does not need to meet the requirements of § 1447(b).[43]

To the extent that Defendants say that § 1447(b) is the only statute that would give the court jurisdiction, this is also wrong.[44] Nothing in the text of § 1447(b) says that it is the only statute that gives a court jurisdiction over the naturalization application process. It simply provides a mechanism by which an applicant can have his application adjudicated if the Immigration Services delays a decision after an interview. But it does not prohibit the Court from hearing a case brought under a different grant of jurisdiction, such as federal question jurisdiction.[45]

**B.  APA**

---

[39] See DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).
[40] See id.
[41] Doc. 18-1 at 6-8.
[42] 8 U.S.C. § 1447(b).
[43] See Sinha v. Upchurch, No.1:07CV2274, 2007 WL 4322225, at *2 (N.D. Ohio Dec. 7, 2007).
[44] See Doc. 18-1 at 6.
[45] 28 U.S.C. § 1331.

Case No. 1:13-cv-00271
Gwin, J.

Defendants also say that the Court does not have jurisdiction over Ahmed's APA claim because there has been no final administrative action and because the law commits scheduling decisions to agency discretion.[46] Beginning with the first argument, the Supreme Court has held that a plaintiff may invoke APA jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed."[47] The Court has held that jurisdiction is appropriate "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."[48] Such duties are limited to duties "to perform [] ministerial or non-discretionary act[s]."[49] Therefore, if Ahmed can identify a discrete agency action that Defendants were required to take, the Court has jurisdiction to hear his claim. Because there are two groups of defendants, the Court will analyze each group separately.

### 1. Defendants Holder and Mueller (Justice Defendants)

Because the Department of Homeland Security is now responsible for adjudicating nationalization petitions, the defendants have asked that the Justice Defendants be dismissed because they are not the proper parties in this case.[50] The Court agrees. Although Ahmed only requests that the Court order the Justice Defendants to complete his background check, the Court finds that these defendants do not have a legal duty to complete his background check. Therefore, the Court does not exercise jurisdiction over them under the APA.

There is no clear precedent from the Sixth Circuit on this issue. However, courts in this district have twice decided whether the FBI has a mandatory duty to complete background checks

---

[46] Doc. 18-1 at 10-11 (citing 5 U.S.C. §§ 701(a)(2) & 704).
[47] *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004) (quoting 5 U.S.C. § 706(1)).
[48] *Id.* at 64 (emphasis in original).
[49] *Id.* (quoting the Attorney General's Manual on the Administrative Procedure Act 108 (1947)).
[50] Doc. 18-1 at 4.

Case No. 1:13-cv-00271
Gwin, J.

for naturalization applications.[51]  In both cases, these district courts concluded that there is no mandatory duty to do so.[52]

This Court agrees.  There is no statutory or regulatory requirement that the FBI complete any background check for a naturalization application.  If Congress had intended to impose a mandatory, nondiscretionary duty on the FBI to complete background checks, it could have done so.  It could also have placed a time limit within which the FBI must respond to a naturalization application background check.  But it did not.  Therefore, the FBI has no mandatory, nondiscretionary duty to complete a background check for a naturalization application.  Because there is no such duty, this Court is without jurisdiction under the APA over Defendants Holder and Mueller.[53]

### 2. Defendants Napolitano, Mayorkas, and Hansen (Homeland Security Defendants)

Defendants also say that there is no nondiscretionary duty to schedule an interview within a definite time period.[54]  The Court disagrees.  The Immigration Services' adjudication of a naturalization application is an adjudication under the APA.[55]  Under the APA, adjudications must take place within a reasonable amount of time.[56]  If the agency does not complete an adjudication in a reasonable amount of time, courts can compel the agency to complete it.[57]

Defendants also argue that there is no APA jurisdiction because this is a matter committed

---

[51] *Ivakin v. Hansen*, No. 5:07CV3227, 2008 WL 5725580 (N.D. Ohio Aug. 12, 2008); *Sinha v. Upchurch*, No. 1:07CV2274, 2007 WL 4322225 (N.D. Ohio Dec. 7, 2007).
[52] *Ivakin*, 2008 WL 5725580 at *3; *Sinha*, 2007 WL 4322225 at *4-5.
[53] Although Ahmed has also asserted a claim under the 28 U.S.C. § 1361, that section requires that the officer owe a duty to the plaintiff.  As discussed above, there is no such duty on the Department of Justice defendants.  Therefore, Ahmed cannot bring a mandamus action against them either.
[54] Doc. 18-1 at 11.
[55] *See Chou v. Melville*, No. 08-1740, 2009 WL 29903, at *2 (N.D. Cal. Jan. 5, 2009).
[56] 5 U.S.C. § 555(b) ("with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it").
[57] *See id.* § 701(1).

Case No. 1:13-cv-00271
Gwin, J.

to agency discretion under 5 U.S.C. § 701(a)(2). Otherwise, they say, the Court would have no meaningful standard against which to judge the Immigration Services's exercise of discretion.[58/] The Immigration Services must decide a naturalization petition within a reasonable amount of time after the FBI response concerning background checks. "[C]ourts routinely assess the 'reasonableness' of the pace of agency action under the APA."[59/] Indeed, it is "in the courts [sic] discretion to decide whether agency delay is unreasonable."[60/] Defendants implicitly recognize this by citing the six-factor test courts use in determining whether an agency action is reasonable.[61/] Thus, there is a sufficient standard to judge the Immigration Services's use of discretion in scheduling Ahmed's interview if his background check has been completed.

Therefore, if Ahmed can show (1) that the Immigration Services has received a "definite response" to Ahmed's background check and (2) that any delay is unreasonable, this Court has jurisdiction to grant him relief under the APA against the DHS defendants.[62/63/]

### V. Merits

Ahmed requests that the Court order the DHS defendants to schedule an in-person interview

---

[58/] Doc. 18-1 at 10 (citing *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)).

[59/] *Duan v. Zamberry*, C.A. No. 06-1351, 2007 WL 626116, at *4 (W.D. Pa. Feb. 23, 2007).

[60/] *Forest Guardians v. Babbitt*, 174 F.3d 1176, 1190 (10th Cir. 1999).

[61/] Doc. 18-1 at 11-12 (citing *Telecomms. Research & Action Ctr. v. FCC (TRAC)*, 750 F.2d 70, 80 (D.C. Cir. 1984)).

[62/] The Court recognizes that other courts have found that there is no such duty. *See, e.g.*, *Badier v. Gonzalez*, 475 F. Supp. 2d 1294 (N.D. Ga. 2006). For the reasons above, this Court concludes that those courts have erred.

[63/] Ahmed has also sued for mandamus relief against the DHS defendants. Doc. 1 at ¶¶ 31-34. "The existence of jurisdiction under section 1361 is inextricably bound with the merits fo whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987). Therefore, if Ahmed states a claim for mandamus relief, the Court has jurisdiction to grant it.

Case No. 1:13-cv-00271
Gwin, J.

under the APA and 28 U.S.C. § 1361.[64] This Court has jurisdiction under the APA to grant him that relief if he can show that the Immigration Services has received a definitive response to his background check from the FBI and that any further delay is unreasonable. The Court may also grant a writ of mandamus if he can show that the DHS defendants owe him a duty.[65] Because the only duty the DHS defendants owe him is their duty under the APA, the analysis for each of Ahmed's claims is the same.

### A. The Immigration Services Has Received a Definitive Response from the FBI Regarding Ahmed's Background Check.

In her declaration, Karyn Zarlenga states that Ahmed's fingerprints have been taken three times.[66] The Immigration Services has also conducted an IBIS check "several times."[67] And the Immigration Services has received a name check response from the FBI.[68] Therefore, the Immigration Services has received a "definitive response" to Ahmed's background check for the purposes of 8 C.F.R. § 335.2(b). Indeed, section 335.2(b) says that events that fulfill its requirements include "[c]onfirmation[s]" that the checks had been done.[69] Therefore, the Immigration Services's duty to schedule Ahmed's interview within a reasonable amount of time has been triggered.

Defendants argue that because Ahmed's background check revealed a "criminal investigation," "[t]he agency . . . cannot complete the background check process."[70] But the defendants misread their own regulation. Section 335.2(b) does not require a completely clean

---

[64] Doc. 17 at 7-8.
[65] 28 U.S.C. § 1361.
[66] Doc. 6-2 at ¶ 6.
[67] *Id.* at ¶ 7.
[68] *Id.* at ¶ 8.
[69] 8 C.F.R. § 335.2(b).
[70] Doc. 18-1 at 7.

-10-

Case No. 1:13-cv-00271
Gwin, J.

background check before the Immigration Services can schedule an interview. Rather, the background check requirement is met regardless of whether the check reveals that the applicant "does not have an administrative or criminal record"[71] or that she "has an administrative or criminal record."[72] Therefore, the fact that Ahmed is allegedly under continuing criminal investigation is irrelevant for determining whether the Immigration Services can schedule the interview under its own regulations.

Instead, the Immigration Services's concerns appear motivated by a desire not to grant a naturalization application unless it is sure that the person meets the statutory criteria because citizenship once granted is hard to take away.[73]

However, Ahmed must prove his good moral character, and he must prove his good moral character by "clear, convincing and unequivocal evidence."[74] Therefore, it is Ahmed who must convince the Immigration Services of his good moral character. Against a criminal investigation, Ahmed may not be able to prove good moral character. But the FBI has returned a definitive response to his background check, and this response triggers the Immigration Services's obligation to schedule an interview with Ahmed within a reasonable time.

**B.     A Further Delay of More Than 120 Days Would Be Unreasonable.**

In order to determine whether a delay is unreasonable, the Court looks to the six factors set by the D.C. Circuit:

---

[71] 8 C.F.R. § 335.2(b)(1).
[72] *Id.* § 335.2(b)(2).
[73] *See* Doc. 18-1 at 7-8.
[74] *Dicicco v. INS*, 873 F.2d 910, 915 (6th Cir. 1989).

-11-

Case No. 1:13-cv-00271
Gwin, J.

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.[75]

Considering these factors, the Court finds that some delay in scheduling an interview with Ahmed is appropriate. It is appropriate to wait some time to determine whether any criminal charges come from that search. But it has already been seven months since authorities executed the search warrant, and Ahmed has had no other contact. Congress has determined that the Immigration Services should respond to an application after an interview within 120 days or the courts may assume jurisdiction.[76] The Court finds it reasonable to allow the Immigration Services up to 120 days to schedule the interview.

### VI. Conclusion

Ahmed should receive a final adjudication of his application in a reasonable time now that his background checks have been returned. And under the circumstances, it would be unreasonable to delay Ahmed's interview longer than 120 days from now.

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment. The claims against Defendants Holder and Mueller are hereby **DISMISSED**. The Court **GRANTS IN PART** and **DENIES IN PART** Ahmed's motion

---

[75] *TRAC*, 750 F.2d at 80.
[76] 8 U.S.C. § 1447(b).

Case No. 1:13-cv-00271
Gwin, J.

for summary judgment. Within 120 days of this order, the DHS defendants shall schedule an interview with Ahmed related to his naturalization application. Defendants' motion to dismiss is **DENIED AS MOOT**.

    IT IS SO ORDERED


Dated: August 27, 2013          s/ *James S. Gwin*
                                                                      JAMES S. GWIN
                                                                      UNITED STATES DISTRICT JUDGE